**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

APR 1 0 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**MICHAEL FULLER, Individually and on**
**Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                          No. 2:20-cv- _82 - BSM_

**SINGLETON FARMS, LLC,**                          **DEFENDANTS**
**and MARK SINGLETON**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Michael Fuller ("Plaintiff"), individually and on

behalf of all others similarly situated, by and through his attorneys Lydia H.

Hamlet and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original

Complaint—Collective Action against Singleton Farms, LLC, and Mark Singleton

(collectively "Defendant" or "Defendants"), he does hereby state and allege as

follows:

### I.      JURISDICTION AND VENUE

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code

Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary

damages, liquidated damages, prejudgment interest, and costs, including

reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff

proper overtime compensation for all hours that Plaintiff worked.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Kearney_

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant conducts business within the State of Arkansas, operating and managing a farm in Watson.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.     The acts alleged in this Complaint had their principal effect within the Delta Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

7.     Plaintiff is a citizen, resident and domiciliary of Desha County.

8.     Separate Defendant Singleton Farms, LLC ("Singleton Farms"), is a domestic limited liability company.

9.     Singleton Farms's registered agent for service is Randy Singleton, at 495 Experiment Station Loop, Watson, Arkansas 71674.

10.     Separate Defendant Mark Singleton ("Singleton") is an individual and domiciliary of Arkansas.

## III.   FACTUAL ALLEGATIONS

11.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.   Singleton is an owner, principal, officer and/or director of Singleton Farms.

13.   Singleton manages and controls the day-to-day operations of Singleton Farms, including but not limited to the decision to not pay Plaintiff a proper minimum wage for all hours worked.

14.   Defendants own and operate a farm in Watson.

15.   Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17.   Plaintiff regularly in the course of his work for Defendants handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

18.   During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees

19.   Plaintiff was employed by Defendant as a salaried employee from April of 2018 to December of 2019.

20.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

21.    At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

22.    At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the minimum wage requirements of the FLSA, 29 U.S.C. § 206.

23.    During the period relevant to this lawsuit, Plaintiff worked as a row crop farmer on Defendant's farm.

24.    At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to work on its farm, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.    As row crop farmers, Plaintiff and similarly situated employees were responsible for plowing fields, planting seeds, harvesting, and loading trucks.

26.    Plaintiff and similarly situated employees did not have the authority to hire or fire any other employee.

27.    Plaintiff and similarly situated employees were not asked to provide input as to which employees should be hired or fired.

28.    Plaintiff and similarly situated employees did not exercise independent judgment in carrying out their duties.

29.     Plaintiff and similarly situated employees are not immediate family members of Defendant Singleton.

30.     Plaintiff and similarly situated employees were not principally engaged on the range in the production of livestock.

31.     Defendants paid Plaintiff and similarly situated employees $500.00 per week, regardless of how many hours they worked.

32.     Plaintiff and similarly situated employees regularly worked seventy (70) hours per week, and sometimes worked as many as one hundred (100) hours per week.

33.     Defendants did not pay Plaintiff and similarly situated employees a proper minimum wage under the FLSA, 29 U.S.C. § 206.

34.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## IV.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

35.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

40.    Despite the entitlement of Plaintiff to minimum wage under the FLSA, Defendant failed to pay Plaintiff a proper minimum wage for all hours worked.

41.    Defendant's failure to pay Plaintiff all wages owed was willful.

42.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

## V.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

43.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

45.    At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

46.    AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in

a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

47.    At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the minimum wage requirements of the AMWA.

48.    Despite the entitlement of Plaintiff to minimum wage under the AMWA, Defendant failed to pay Plaintiff a proper minimum wage for all hours worked.

49.    Defendant's failure to pay Plaintiff all wages owed was willful.

50.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.    THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

52.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53.    Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54.    At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

55.    All times relevant to this Complaint, Defendants failed to pay Plaintiff and all others similarly situated the minimum wage required by the FLSA.

56.     Defendants willfully failed to pay all wages owed to Plaintiff and to others similarly situated.

57.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Fuller respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     Declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.     Judgment for liquidated damages pursuant to the FLSA and AMWA;

E.     Certification of a collective action under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

F.     For a reasonable attorney's fee, costs, and all interest; and

G.     Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MICHAEL FULLER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MICHAEL FULLER, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                      No. 2:20-cv-___

**SINGLETON FARMS, LLC,**                                  **DEFENDANTS**
**and MARK SINGLETON**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried worker for Singleton Farms, LLC, and Mark Singleton within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**MICHAEL FULLER**
April 10, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**